## 23094

In Re: In the Matter of H. Mauldin PEARSON, Spartanburg County
Magistrate and Pacolet Municipal Judge.

(386 S. E. (2d) 249)

Supreme Court

*Attorney Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.*, Columbia, *for complainant.*

*Claude A. Taylor, Jr.*, Spartanburg, *for respondent.*

Submitted Oct. 2, 1989.

Decided Oct. 23, 1989.

*Per Curiam:*

Respondent, a Spartanburg County Magistrate and Pacolet Municipal Judge, is charged with judicial misconduct regarding a statement made at the Municipal Court of Pacolet. More specifically, the Respondent was served with a formal Complaint alleging that following a hearing at the Municipal Court of Pacolet, the Respondent engaged in a conversation with a town employee. During that conversation, the Respondent referred to another individual, using the term "nigger lover," and that that statement occurred within the Town Hall and was heard by a member of the Negro race. An Answer was filed on behalf of the Respondent, acknowledging use of the phrase in ques-

tion, but placing it in the context of quotation of other persons, and not an expression of Respondent's personal opinion, and denying that judicial misconduct had occurred.

Prior to the convening of a Panel of Hearing Masters, Respondent submitted a waiver and consent offering therein to consent and agree to a finding by the Judicial Standards Commission of judicial misconduct, upon condition that a recommendation be made of a public reprimand. The full Commission at its regular meeting accepted the proposal, made a finding of misconduct on behalf of the Respondent as contained in the Complaint, and recommended to the Court the imposition of a public reprimand. No Petition to Reject or Modify the recommendation of the Commission was filed by Respondent nor the Attorney General's Office.

Respondent violated Canon 1 of the Code of Judicial Conduct which requires a judge to "observe high standards of conduct so that the integrity and independence of the judiciary may be preserved"; and Canon 2(A) which requires that a judge "should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." We agree that Respondent is, therefore, also guilty of misconduct under Section 1(b)(2) of the Rule on Judicial Discipline and Standards, Supreme Court Rule 34. He stands publicly reprimanded.

Public reprimand.